### AMERICAN BELL TELEPHONE CO. *v.* DOLBEAR and others.

*(Circuit Court, D. Massachusetts. August 25, 1883.)*

PATENTS FOR INVENTIONS—BELL TELEPHONE.
 The Bell telephone is not anticipated by the Reis instrument, and is infringed by the Dolbear apparatus, in which a part of Bell's process is employed.
 *American Bell Telephone Co.* v. *Dolbear,* 15 FED. REP. 448, affirmed.

In Equity.

*Chauncey Smith* and *J. J. Storrow,* for complainant.

*Causten Browne* and *J. E. Maynadier,* for defendants.

LOWELL, J.   The final hearing in this case was hardly more than a form, because the two questions which are raised by the record have been decided in favor of the plaintiff on motions for preliminary injunction, which were prepared and argued with unusual thoroughness.   These questions are: "Whether the telephone described by Reis anticipates the Bell telephone?" and, "Whether Dolbear's apparatus infringes Bell's patent?"

1. I decided in *American Bell Telephone Co.* v. *Spencer,* 8 FED. REP. 509, that Reis had not described a telephone which anticipated Bell's invention.   The same point has since been decided in the same way in England.   *United Telephone Co.* v. *Harrison,* 21 Ch. Div. 720.   It is admitted in the present case that the Reis instrument, if used as he intended to use it, can never serve as a speaking telephone, because the current of electricity is constantly broken; and it is essential for the transmission of speech that the current should not be broken.   The defendant now testifies that the Reis instrument can be made to transmit speech, under some circumstances, if operated in the way which Bell has shown to be necessary. In 1877 he several times expressed the opinion that Bell made the invention and that Reis did not make it.   The experiment made in the presence of counsel, which was intended to prove the correctness of the defendants' present opinion, was an utter failure.   But if it be admitted that the Reis instrument is capable of such use to a very limited extent and after a change in its proportions, and when used in a way which the inventor did not intend, still I am of opinion that it was not an anticipation of Bell.   The case of *Clough* v. *Barker,* 106 U. S. 166, [S. C. 1 Sup. Ct. Rep. 188,] would apply to such a state of facts.   That case, undoubtedly, is an exceptional one, and its doctrine must be applied with much reserve; but when so applied it will occasionally be useful.   It is, that if a certain machine or organization is capable of a certain use only under unusual and, as I may say, abnormal conditions, so that a person of skill and knowledge in the art to which it relates, or a person using the machine, would not, unless by accident, discover that it was capable of such mode of operation, it shall not be considered an anticipation of a machine or organization which is founded upon such mode of operation.

2. At the former hearing in this case before Mr. Justice GRAY and me, we decided that the defendant, whatever the merits of his telephone may be, employs in it a part, at least, of Bell's process.   No additional evidence has been given at the final hearing, unless a further explanation of that already given may be called additional; and I remain of the opinion expressed by the presiding justice at that time.   *American Bell Telephone Co.* v. *Dolbear,* 15 FED. REP. 448.

Decree for the complainant.